[Civ. No. S. C. 63.   Second Appellate District, Division One.—June 2, 1938.]

In the Matter of the Estate of ERMINIA G. KIRK, Deceased. MARY E. MacCONNON et al., Appellants, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Respondent.

Schauer, Ryon & McMahon for Appellants.

Heaney, Price, Postal & Parma for Respondent.

DORAN, J.—The appeal herein is from an order confirming the sale of a certain parcel of real property located in the city of Glendale, California, constituting the chief asset of the estate of Erminia G. Kirk, deceased.

The property in question was appraised shortly after decedent's death, to wit, in June of 1934, at $23,350; three other parcels of real property owned by the deceased were appraised at $10,500, $1400 and $12,600 respectively, making a total of $47,850 in real property.

The debts of the estate consisted of a note in the sum of $17,500 bearing interest at the rate of 7 per cent per annum, secured by a trust deed held by the Security-First National Bank of Los Angeles upon said Glendale property; an unsecured claim in the amount of $15,697.05 inclusive of interest, by one of the legatees; and an unsecured claim by a creditor of the estate in the amount of $8,000, of which $5,000 was advanced by her to carry the·estate along after the death of the decedent.

The will of said deceased was admitted to probate and letters testamentary were issued to said Security-First National Bank of Los Angeles, as executor. One of the provisions contained in the will authorized and empowered the executor to "sell, lease or mortgage the whole or any portion of my estate, except as herein otherwise specifically devised, at either public or private sale, with or without notice, without securing any previous order of court therefor, and upon such terms and conditions as it may seem best, but subject, however, to confirmation by court as provided by law."

In May of 1936, after the Glendale property had been dormant for two years, the executor listed said property with a real estate agent. Some six months later an offer of $25,000 was received from one Mr. McMullin. The executor consulted with the legatees, one of the creditors and the representative of the other creditor, and thereupon decided to reject the offer. The prospective purchaser then offered $28,000; the executor again conferred with the persons interested, and at that time was advised that it was agreeable to sell. A higher bid was obtained thereafter from Mr. McMullin, namely, an offer of $30,000 cash, which the executor accepted, and an agreement of sale was entered into on December 10, 1936. The return of sale and a petition for confirmation of said sale was filed on December 11, 1936. Thereafter, the property was reappraised and a value of $33,000 was fixed. Subsequently, the two unsecured creditors requested by letter to the executor that the sale of said property be declined.

Appellants herein (legatees under the will of decedent) filed objections to the confirmation of sale. After a full hearing upon the matter and an examination both by counsel and the court of the witnesses testifying at the hearing, the court made its order confirming the sale of the property in question.

In confirming the sale the court found, ''That said sale was legally made and fairly conducted, and the said sum of $30,-000 is not disproportionate to the value of the property sold, and that said sum is equal to at least 90 per cent of the appraised value thereof; that said property was appraised on the 15th day of December, 1936, and before confirmation of sale, for the sum of $33,000; that a sum exceeding the sale price by at least 10 per cent, exclusive of the expenses of a new sale cannot be obtained for the property so sold; that said sale is for the advantage, benefit and best interests of said estate, and that good reason existed for said sale.'' It should be noted at this point that during the time in which the action was pending, and at the hearing which preceded the order confirming the sale, no other bid or offer was received.

Appellants contend that there was no necessity for the sale, nor good reason for it; that the sale is not to the advantage, benefit or best interests of the estate; and that the sum of $30,000 representing the price offered for the property is disproportionate to its value.

Respondent maintains, however, that under section 757 of the Probate Code, an executor selling real property under the power contained in the will need not show the necessity of the sale, or that it is for the advantage or benefit of the estate or those interested therein; and, further, that under section 785 of the Probate Code, to justify a refusal to confirm such sale it must appear that the sum bid was disproportionate to the value of the property and that a sum exceeding the bid by at least ten per cent may be obtained, and such showing was not made.

Section 757 of the Probate Code provides as follows:

''*Sales under direction of will.* When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell the same either at public auction or private sale, and with or without notice, as he may determine; but he must make a return of sales and obtain

confirmation thereof as in other cases. In either case no title passes unless the sale is confirmed by the court; but the necessity of the sale, or its advantage or benefit to the estate or to those interested therein, need not be shown. If directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed.''

Section 784 of the Probate Code relating to the confirmation of sale, states that:

''No sale of real property at private sale shall be confirmed by the court unless the sum offered is at least ninety per cent of the appraised value thereof, nor unless such real property has been appraised within one year of the time of such sale. . . . ''

Section 785 of said code, pertinent hereto, provides that if '' . . . the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least ten per cent exclusive of the expenses of a new sale may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed . . . ''

In support of the claim that the sale was unnecessary and not to the best interests of the estate, appellants contend, in substance, that if the sale were postponed for a sufficient length of time a higher price might be obtained for the property in question. It is pointed out in that connection that the property is in a more or less rapidly developing community and that therefore its increase in value is altogether likely. Respondent, on the other hand, submits that the likelihood of an increase in value is, at the most, problematical and that an executor is not permitted to speculate, for the benefit of the heirs, with the assets of the estate for which he acts.

It is unnecessary to determine the effect and application of section 757 of the Probate Code and its construction with relation to the other sections of the Probate Code above mentioned. The question as to the necessity of the sale, as well as the question as to whether the sale was to the advantage and benefit of the estate, was determined by the trial judge, as hereinbefore noted in the findings. The inquiry on the issues raised by appellants' objections was thorough, and the trial court's conclusions, which are supported by the law and the evidence, therefore cannot be disturbed on appeal.

There are no errors in the record.

For the foregoing reasons the order appealed from is affirmed.

York, P. J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 1, 1938.